# BALLON STOLL P.C.

COUNSELLORS AT LAW      FOUNDED 1931      810 SEVENTH AVENUE
SUITE 405
NEW YORK, NY 10019
Ph: 212-575-7900

www.ballonstoll.com

June 23, 2023

MARSHALL B. BELLOVIN, ESQ.
212-575-7900
mbellovin@ballonstoll.com

**VIA ECF**

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

      RE:    Sim v. New York University, et al.
             Docket No. 22-CV-9415

Honorable Judge Broderick:

     This law firm represents Plaintiff Irma Sim ("Plaintiff") in the above-referenced action. We submit this joint letter with Defendants' counsel in lieu of the initial pretrial conference.

     Brief description of the nature of the action and the principal defenses

     Plaintiff's Position[1]

     This is an action brought for substantial compensatory damages and reasonable counsel fees premised upon Defendants' continuing acts of unlawful discrimination based on Plaintiff's age, disability, parental status, caregiver status, and association/relationship with her disabled son, as well as retaliation for complaining of discrimination and going on statutory medical leave, in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601 *et seq.*, the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law") § 296, *et seq.,* and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq.*, including passing over Plaintiff for promotions and increased compensation; demotion; diminished supervisory authority; materially diminished responsibilities; and refusing to provide Plaintiff essential information necessary to perform her job.

---

[1] Defendants contest the description of Plaintiff's claims, which were drafted by Plaintiff's counsel. In submitting this joint letter, Defendants do not concede that such claims are correctly characterized or described, and simply acknowledge these are Plaintiff's claims.

Hon. Vernon S. Broderick
June 23, 2023
Page 2

Defendants' Position

Plaintiff, who is currently employed by NYU as the Associate Director of Budget and Finance, earning a six-figure annual salary, will not be able to establish any viable discrimination or retaliation claims under New York State Human Rights Law, New York City Human Rights Law or the Family Medical Leave Act, or any other law.

First, Plaintiff will be unable to prove that Defendants have taken any "adverse action" against her.  Many of the allegations in the 147 paragraph Complaint are exaggerations or misstatements of everyday minor workplace disagreements, or are otherwise just false. Plaintiff was not formally disciplined or demoted.  Plaintiff has taken multiple FMLA and other leaves during her career, and has always been returned to her position

The only potential adverse action Plaintiff could complain of is NYU's failure to promote her to the Assistant Dean of Finance position.  However, her complaint would have no merit, as Plaintiff never applied for this position. Also, the position was given to Defendant James Chad Wheeless because he was simply better qualified for the role.  This decision was not based on any discriminatory or retaliatory animus.

Plaintiff's claims are baseless, and Defendants are confident that, once discovery is concluded, the Complaint will be dismissed on summary judgment.

Basis of Jurisdiction

This court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a), and supplemental jurisdiction over the State and City law claims pursuant to 28 U.S.C. § 1367 since the New York State and City discrimination claims are inexorably related to, arise out of the same operative facts and circumstances as, and are a necessary, integral part of the federal law claims, such that the federal claims and New York State and City law claims form part of the same case or controversy.

Defendant New York University ("NYU") has a principal place of business located in the State of New York. NYU Tisch School of the Arts ("Tisch") is a part of NYU and also located in New York. As the Southern District is the district where a substantial part of the events giving rise to the claims occurred, venue is proper within this district pursuant to 28 U.S.C. § 1391(a)(2).

Defendants do not contest the Court's subject matter jurisdiction or venue, without waiver of the right to challenge the Court's supplemental jurisdiction over all state law and city law claims to the extent Plaintiff's federal claims are dismissed at any time prior to trial.

Motions

There are currently no pending motions from either party and neither party intends to make a motion or application at this time. Defendants anticipate a motion for summary judgment, after the close of discovery.

Discovery

The parties have not yet exchanged discovery.

Plaintiff will request from the Defendants any records related to Plaintiff's employment including, but not limited to records concerning her job duties and responsibilities, performance, promotions, compensation, FMLA leave, complaints as well as any communication between Plaintiff and the Defendants.

Defendants will request records from Plaintiff, including, but not limited to, all documents related to the allegations in Plaintiff's Complaint, all of Plaintiff's relevant medical records, communications between Plaintiff and any current or former employee of Defendant concerning the allegations in Plaintiff's Complaint, communications between Plaintiff and any of Plaintiff's alleged witnesses concerning the allegations in Plaintiff's Complaint, employment records in Plaintiff's possession and records reflecting Plaintiff's salary, wages or income, including federal and state income tax returns.

### Settlement discussions

The parties have engaged in prior settlement discussions and are currently scheduled to engage in mediation. Resolution is possible in this matter.

Because the parties are currently scheduled to engage in mediation prior to July 31, 2023, the parties have proposed deadlines in the parties' Case Management Plan and Scheduling Order, submitted herewith, that set discovery deadlines for after mediation, except for those deadlines set by the Standing Administrative Order regarding mediation. (Dkt. No. 32). If mediation efforts prove fruitful, but the parties have not resolved this case before the proposed deadlines in the Case Management Plan, the parties may seek an extension of discovery or a stay of same.

### The estimated length of trial

Counsel for the parties have conferred and the present best estimate of the length of trial is three days and the case is to be tried to a jury.

### Any other information

The parties are not aware of any other information that would assist the Court in resolving this action.

We thank you for your attention to this matter.

Respectfully submitted

_____*s/Marshall Bellovin*_____
MARSHALL B. BELLOVIN, ESQ

cc.:   Barbara E. Hoey, Esq. (via ECF)
       Blythe E. Lovinger, Esq. (via ECF)